Filed 8/16/22 Jenifer F. v. John G. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| JENIFER F., | B307929 |
| Appellant, | (Los Angeles County Super. Ct. No. 17VEPT00165) |
| v. | |
| JOHN G., | |
| Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Marilyn Mordetzky, Temporary Judge. (Pursuant to Cal. Const., art. VI, § 21.) Affirmed.

The Appellate Law Firm, Berangere Allen-Blaine and Aaron Myers for Appellant.

Law Offices of Rosenthal & Associates and Lisa F. Rosenthal for Respondent.

_____

Jenifer F. appeals a three-year restraining order issued pursuant to the Domestic Violence Prevention Act (Fam. Code, § 6200 et seq.)[1] that requires her, among other personal conduct restrictions, to stay at least 100 yards away from John G., the father of her now-eight-year-old son, J.G. Jenifer contends her single act of violence was insufficient to support issuance of the restraining order and the family court erred in failing to consider a material change in circumstance before entering the order. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Jenifer filed a paternity action naming John as respondent on September 27, 2017. John agreed to pay child support, and the parties entered a stipulation providing for temporary custody arrangements and a visitation schedule.

According to John's request for an emergency, ex parte domestic violence restraining order, filed March 9, 2020, on March 1, 2020 Jenifer shoved John while holding their son during a custody exchange. Jenifer also threatened John that he was "going to get it." John called the police and arrested Jenifer for battery by effecting a citizen's arrest. The city attorney's office declined to file criminal charges in exchange for Jenifer's agreement to take 26 anger management classes.

The family court granted the emergency restraining order protecting John, as well as his current girlfriend and his daughter from a previous relationship, from Jenifer. J.G. was not named as a protected party.

Jenifer filed a response on March 30, 2020 in which she asked the court to dismiss John's request for a permanent order

---

[1]     Statutory references are to this code.

because the parties had begun exchanging physical custody of J.G. at a police station.

After several continuances the family court heard John's request for a permanent restraining order on July 27 and 28, 2020. According to John's moving papers, Jenifer pushed him while she was holding their son and then again a second time, shoving him even harder. John's girlfriend, who had not seen the interaction between John and Jenifer, testified John's daughter was crying in the back of the car while the incident occurred. John also testified about two prior occasions when Jenifer struck him in the face. He stated he feared Jenifer would "do something against me" if he did not get the restraining order. Jenifer, in contrast, testified she only "touched" John's chest and did not "push him at any point that day." She also did not remember slapping or striking John. The court found John's testimony credible and Jenifer not to be "credible in her response."

The court granted a permanent restraining order for a period of three years. It also ordered Jenifer to complete her anger management classes and Jenifer and John to take a coparenting class. The court awarded John sole legal custody of J.G. and joint physical custody to John and Jenifer. The court, explaining its decision, stated it found that Jenifer's battery of John constituted domestic violence and that Jenifer had placed her child in danger.

Jenifer filed a timely notice of appeal.

## DISCUSSION

1. *Governing Law and Standard of Review*

Section 6320, subdivision (a), authorizes the family court to issue a restraining order to prevent a recurrence of domestic violence, including "attacking, striking, stalking, threatening,

sexually assaulting [or] battering."[2]  After a noticed hearing the court may issue a permanent domestic violence restraining order that last for up to five years.  (§ 6345, subd. (a).)

The ultimate decision to grant or deny a restraining order under the Domestic Violence Prevention Act is reviewed for abuse of discretion.  (*N.T. v. H.T.* (2019) 34 Cal.App.5th 595 601; *Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 420.)  We review the family court's underlying factual findings for substantial evidence.  (*In re Marriage of Davila & Mejia* (2018) 29 Cal.App.5th 220, 226; *Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1505.)  The inquiry is whether substantial evidence supports the court's finding, not whether a contrary finding might have been made.  (*In re Alexandria P.* (2016) 1 Cal.App.5th 331, 355.)  "We accept as true all evidence tending to establish the correctness of the trial court's findings and resolve every conflict in favor of the judgment."  (*M.S. v. A.S.* (2022) 76 Cal.App.5th 1139, 1144.)  "We do not determine credibility or reweigh the evidence.  [Citation.]  If substantial evidence supports the judgment, reversal is not warranted even if facts exist that would support a contrary finding."  (*Curcio v. Pels* (2020) 47 Cal.App.5th 1, 12.)

2. *The Family Court Did Not Abuse Its Discretion in Granting the Three-year Restraining Order*

Unquestionably, John's testimony that Jenifer shoved him twice during the March 1, 2020 custody exchange, which the family court found credible, constituted substantial evidence

---

[2]  Section 6211 defines "domestic violence" as abuse perpetrated against, among others, "(d) A person with whom the respondent has had a child."

4

supporting the court's finding of domestic violence.  In addition to discounting the seriousness of the incident—an account the court found not credible—Jenifer contends this single act of abuse is insufficient to grant a domestic violence restraining order.  The Domestic Violence Prevention Act is not so limited.

Section 6300 authorizes the court to issue a restraining order if testimony shows "reasonable proof of a past act or acts of abuse."  (See *In re Marriage of Davila & Mejia*, *supra*, 29 Cal.App.5th at p. 225 ["a court may issue a protective order . . . upon "'reasonable proof of a past act or acts of abuse'"""]; *Nevarez v. Tonna* (2014) 227 Cal.App.4th 774, 782 [same].)  Here, the family court found reasonable proof of a past act of abuse based on the March 1, 2020 incident.  In addition to John's testimony, the court credited John's girlfriend's testimony that John's daughter was crying in the car as indicating the incident was "not a civil exchange."  The single act of abuse in this case was sufficient to support granting the domestic violence restraining order.

Jenifer also argues the court erred by issuing the restraining order after a material change in circumstances.  She contends, because the parties started exchanging custody at the police station following issuance of the temporary restraining order, there was no longer a threat of future harm to John, and a restraining order was no longer necessary.  Although a significant change in circumstances may certainly be a relevant consideration when the court is asked to renew a protective order (see *Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275, 1290), the court here properly concluded the change identified by Jenifer was not a sufficient ground to deny the request for a permanent order.  To be sure, there might be a reduced risk of a violent

confrontation during custody exchanges at the police station.  But the court found Jenifer had not adequately addressed her anger, the cause of the domestic violence.  According to the court, "[T]he anger management classes [were] the right call," noting that during the March 1 incident, "[Jenifer's] anger towards [John] got the best of her."  The court also observed, "[T]here's something in [Jenifer] that seems to be very full of anger towards [John]."  The court ordered Jenifer to complete the anger management classes she had agreed to take following her battery arrest.  Because those classes had not been completed as of the time of the hearing, the court's decision to issue the permanent order, notwithstanding the new arrangements for custody exchanges, was well within its broad discretion.

## DISPOSITION

The July 28, 2020 order granting the permanent restraining order is affirmed.  John G. is to recover his costs on appeal.


PERLUSS, P. J.

We concur:


SEGAL, J.          WISE, J.*

---

*        Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6